UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DRAKE MATTHEW FREELS,

    Plaintiff,

    v.                                 CAUSE NO. 3:25-CV-217-PPS-AZ

NOOJIN, et al.,

    Defendants.

## OPINION AND ORDER

Drake Matthew Freels, a prisoner without a lawyer, is proceeding in this case "against Officer Noojin, Officer Spencer, and Officer Neal in their individual capacities for compensatory and punitive damages for deliberate indifference to Drake Matthew Freels' safety in the days leading up to the November 13, 2024, attack by Kenneth Garretson, in violation of the Eighth Amendment[.]" ECF 5 at 5. On September 12, 2025, the defendants filed a motion for summary judgment, arguing Freels did not exhaust his available administrative remedies before filing this lawsuit. ECF 39. With the motion, the defendants provided Freels the notice required by N.D. Ind. L.R. 56-1(f). ECF 42. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. On September 20, 2025, Freels' deadline to

respond to the summary judgment motion was extended to October 15, 2025. ECF 47. On October 8, 2025, Freels' deadline was again extended to November 17, 2025. ECF 49. This extended deadline passed over a month ago, but Freels still has not responded to the summary judgment motion. Therefore, I will now rule on the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to

2

exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

The defendants argue Freels did not exhaust his available administrative remedies before filing this lawsuit because he never submitted any grievance related to his claim the defendants were deliberately indifferent to his safety leading up to the November 13, 2024, attack. Specifically, the defendants provide Freels' grievance records, a copy of the Offender Grievance Process, and an affidavit from the Grievance Specialist at Miami Correctional Facility ("MCF"), which show the following facts:[1] During all relevant times, an Offender Grievance Process was in place at MCF and available to Freels. ECF 39-1 at 1-2. The Offender Grievance Process requires inmates to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.* at 2; ECF 39-2 at 3. Freels knew of the requirements of the Offender Grievance Process, as he was informed of and provided information about the grievance process during his intake at MCF. ECF 39-1 at 2, 5. However, Freels' grievance records show he never submitted any grievance at MCF related to his claim

---

[1] Because Freels has not responded to the defendants' summary judgment motion, the court accepts these facts as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

3

the defendants were deliberately indifferent to his safety leading up to the November 13, 2024, attack. *Id.* at 5; ECF 39-3. Instead, Freels' grievance records show he last submitted a grievance at MCF in July 2024, and has not submitted any grievances since that date. *Id.*

Here, the defendants have met their burden to show Freels did not exhaust his available administrative remedies before filing this lawsuit, as it is undisputed Freels never submitted any grievance related to his claim the defendants were deliberately indifferent to his safety leading up to the November 13, 2024, attack. There is no evidence in the record that Freels ever submitted or attempted to submit any relevant grievance, or that his administrative remedies were in any way unavailable. Therefore, because the defendants have met their burden to show Freels did not exhaust his available administrative remedies before filing this lawsuit, summary judgment is warranted in their favor.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 39); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Drake Matthew Freels and to close this case.

SO ORDERED.

ENTERED: January 8, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT